UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YOLANDA PEART,<br><br>         Plaintiff,<br><br>STEIN MART INC. and<br>TRAVELERS PROPERTY CASUALTY<br>COMPANY OF AMERICA,<br><br>         Intervenor-Plaintiffs,<br>v.<br><br>DOREL JUVENILE GROUP, INC.,<br><br>         Defendant. | No. 09-7463<br><br>Judge Lemmon |

**SEPARATE STATEMENT OF MATERIALS FACTS
IN SUPPORT OF DEFENDANT DOREL JUVENILE GROUP, INC.'S
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Defendant Dorel Juvenile Group, Inc. ("Dorel") hereby offers the following statement of the material facts as to which the moving party, Dorel, contends there is no genuine issue to be tried:

**A.     The Accident and the Filing of the Lawsuit**

1.     This is a product liability case arising from an accident that occurred on October 17, 2008.  (Pet. ¶ 3, Ex. **A**.)  The plaintiff, Yolanda Peart, was allegedly using a step stool at Stein Mart, her place of employment, on the day of the accident to shelve purses in the storeroom before the store opened.  (*Id*; Peart Dep. at 65:2-68:2, Ex. **B**.)

2.     At some point while shelving purses at Stein Mart, Plaintiff allegedly stepped onto the lower step of the step stool, which detached from the stool's leg causing her to fall to the ground and sustain injuries.  (Peart Dep. at 76:18-79:12, Ex. **B**.)

3. The step stool at issue, a model #11-302 Big Step Step Stool (the "Step Stool"), was manufactured by Dorel. (Pet. ¶ 4, Ex. **A**; Jensen Declaration, Ex. **C**.)

4. Plaintiff's Petition for Damages alleges four claims under the Louisiana Product Liability Act: (a) that the step stool was unreasonably dangerous because the steps were improperly secured and/or had a tendency to come loose and break while weight-bearing and in that the metal components of the step stool were inadequate for the expected weight loads and improperly installed, (b) that step stool was unreasonably dangerous in construction or composition because, at the time the step stool left the defendants' control, the step stool deviated in a material way from the defendants' specifications or performance standards for this produce or from otherwise identical products manufactured by the defendant, (c) that the step stool was unreasonably dangerous in design in that there was an alternative design that could have prevented Peart's injuries, and (d) that the step stool was unreasonably dangerous because of an inadequate warning. (Pet. ¶ 5(a)-(d), Ex. **A**.)

## B. Ms. Peart's Use of the Step Stool on the Day of the Accident Was Not Reasonably Anticipated.

5. On the day of the accident, Plaintiff used the Step Stool at her place of employment, Stein Mart, to reach higher shelves in Stein Mart's store room as she organized purses on the storeroom's shelves. (Peart Dep. at 65:2-68:3; 76:18-79:12, Ex. **B**.)

6. The Step Stool has a warning label on the front right leg, which states, among other things "Light Household Duty Rating, Working Load: 200 lbs." (Jensen Declaration, Ex. **C**.)

7. Stein Mart is a commercial (as opposed to a household) establishment that sells purses, shoes and other consumer goods. (Peart Dep. at 59:4-60:17, 91:3-92:11, Ex. **B**.)

8. On the day of the accident, Plaintiff weighed approximately 250 pounds. (Plaintiff's Answers to Dorel Juvenile Group's Interrogatories, at 12, Ex. **D**.)

9. Plaintiff admitted that she should not have used the Step Stool because she weighed over 200 lbs. at the time of the accident. (Peart Dep. at 75:9-76:8, Ex. **B**.)

**C.   Plaintiff Has Been Unable to Produce Any Evidence to Support Design Defect, Manufacturing Defect or Express Warranty Claim**

10. The Step Stool is believed to have been in use at Stein Mart from the time it opened five to ten years ago until the day of Plaintiff's accident. (Plaintiff's Expert Robert D. Bartlett Report, at 1, Exhibit **E**.)

11. The Step Stool was manufactured on September 3, 2000. (Jensen Declaration, at 3, Ex. **C**.)

12. Plaintiff's expert, Robert D. Bartlett, admits that the Step Stool simply wore out. (Bartlett Report, at 3, 5, Ex. **E**.)

13. When asked at her deposition whether she had any knowledge about whether the Step Stool was defectively designed, Plaintiff said that she could not answer that question. (Peart Dep. at 111:3-11, Ex. **B**.)

14. When asked whether she thought anything was wrong with the Step Stool that caused her to fall, Plaintiff said that "there was some fault to it," but that she was "not sure" what that was. (Plaintiff Dep. at 111:13-112:1, Ex. **B**.)

3

15. Plaintiff's expert found no design defect, manufacturing defect or express warranty problem with respect to the Step Stool. (Bartlett Report, Ex. **E**.)

D. **Plaintiff Has Been Unable to Produce Any Evidence to Show that an Inadequate Warning Caused Her Injuries.**

16. Plaintiff's expert claims only that that the step stool should have included a label advising of the need to conduct periodic inspections to avoid collapse at the end of its life. (Bartlett Report, at 5, Ex. **E**.)

17. But, Plaintiff did not inspect the Step Stool before she used it on the day of the accident. (Peart Dep. at 71:18-72:16; Ex. **B**.)

18. Plaintiff further admits that she did not read the warning labels on the Step Stool before using it on the day of the accident. (Peart Dep. at 71:18-72:16; 75:23-76:12, Ex. **B**.)

Dated: March 1, 2011                                  Respectfully submitted,

                                                      By:   /s/ Patrick J. Briney
                                                            Patrick J. Briney
                                                            BRINEY FORET CORRY
                                                            413 Travis Street, Suite 200
                                                            Lafayette, LA 70503
                                                            (337) 237-4070
                                                            (337) 233-8719 (fax)

                                                            Jonathan Judge (pro hac vice)
                                                            Ann H. MacDonald (pro hac vice)
                                                            SCHIFF HARDIN LLP
                                                            233 S. Wacker Drive, Suite 6600
                                                            Chicago, IL 60606
                                                            (312) 258-5500 (phone)
                                                            (312) 258-5700 (fax)

                                                            Attorneys for Defendant Dorel Juvenile Group, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on March 1, 2011 he caused a true and correct copy of **Separate Statement of Material Facts in Support of Defendant Dorel Juvenile Group Inc.'s Motion for Summary Judgment** to be filed electronically with the Court's CM/ECF system, which caused an electronic copy of this filing to be served on counsel of record.

    /s/ Patrick J. Briney____