UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **YOLANDA PEART** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-7463** |
| **DOREL JUVENILE GROUP, INC.** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendant Dorel Juvenile Group, Inc.'s Motion for Summary Judgment (Doc. #32) is **GRANTED**, and plaintiff's claims are **DISMISSED WITH PREJUDICE**.

### BACKGROUND

On October 17, 2008, plaintiff, Yolanda Peart, a Stein Mart employee, was injured when she fell from a step stool while shelving purses at a Stein Mart department store in Metairie, Louisiana.[1] Plaintiff filed this suit against Durel Juvenile Group, Inc., the manufacturer of the step stool, alleging that the it is liable under the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statutes § 9:2800.51, et seq..

The step stool was a two step, Cosco Model #11-302 folding step stool, manufactured by defendant Dorel. It had a label on the front right leg stating: "CAUTION KEEP BODY CENTERED BETWEEN THE SIDE RAILS. DO NOT OVER-REACH. SET ALL FOUR FEET

---

[1] Plaintiff settled her worker's compensation claim against Stein Mart. Stein Mart and its insurer, Travelers Property Casualty Company of America are intervenors in this suit.

ON FIRM LEVEL SURFACE. WEAR SLIP-RESISTANT SHOES." The label also stated "Light Household Duty Rating Working Load: 200 lbs." Plaintiff testified at her deposition that she did not read the labels on the stool before using it. At the time of the accident, plaintiff weighed more than 250 pounds, and the step stool had been used in a commercial setting for five to ten years. Plaintiff claims that the bottom step broke under her foot and she fell to the ground, injuring her left arm and shoulder.

Durel filed a motion for summary judgment arguing that plaintiff cannot prevail on her LPLA claims because she was not engaged in a reasonably anticipated use of the step stool at the time of her accident because of her excess weight, and because the stool was being used in a commercial setting when it was rated for light household use. Durel contends that the step stool wore out after years of use in the commercial setting for which it was not intended. Durel also argues that plaintiff cannot prevail on her failure to warn claim because she admits that she did not read the label on the step stool before using it.

## ANALYSIS

**A.     Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56. If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-

movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.     Louisiana Products Liability Act**

The LPLA, "establishes the exclusive theories of liability for manufacturers for damages caused by their products." LA. REV. STAT. § 9:2800.52. The plaintiff must prove the following elements in a products liability cause of action under the LPLA: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that the characteristic made the product unreasonably dangerous in one of the four ways provided in the statute; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else. Jefferson v. Lead Industries Ass'n, Inc., 106 F.3d 1245, 1251 (5th Cir. 1997) (citing generally J. Kennedy, A Primer on the Louisiana Products Liability Act, 49 LA. L. REV. 565 (1989)); LA. REV. STAT. § 9:2800.54. "A reasonably anticipated use means a use or handling of a product that the product's manufacturer should reasonably expect of an ordinary person in the same or similar circumstances." Matherne v. Poutrait-Morin/Zefal-Christophe, Todson, Inc., 868 So.2d 114, 119 (La. Ct. App. 2003); LA. REV. STAT. § 9:2800.53(7). A plaintiff may prove that a product was "unreasonably dangerous" only under one of four theories:

>    (1) The product is unreasonably dangerous in construction or composition as provided in R. S. 9:2800.55;
>
>    (2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56;
>
>    (3) The product is unreasonably dangerous because of inadequate warning as provided in R.S. 9:2800.57; or
>
>    (4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.[2]

Jefferson, 106 F.3d at 1251 (citing LA. REV. STAT. § 9:2800.54(B)(1-4)).

Plaintiff claims that the step stool is unreasonably dangerous because its label does not warn that the product has a usable life at the end of which the risk of collapse begins to increase, and that the user should inspect the supporting elements of the step stool to identify when the usable life has ended. Plaintiff also contends that the step stool should provide instructions on how to identify when the step stool has reached the end of its useable life, and what to do when that occurs.

Plaintiff's engineering expert, Robert Bartlett opined that plaintiff's weight was not a factor in the accident and that the step stool broke because it wore out. Specifically, he opined that the rivet on the step that broke was in a position to fail at the time of the accident because it had exceeded its useful life. Further, he opined that the stool should have a warning that states that the

---

[2] Durel argues that plaintiff has not presented any evidence to support her allegations that the step stool was unreasonably dangerous in construction or composition, design, or because of a breach of an express warranty. In her opposition memorandum, plaintiff argues that the step stool was unreasonably dangerous because of an inadequate warning. She does not present any arguments, or evidence, regarding whether the step stool was unreasonably dangerous in any other LPLA theory. Therefore, plaintiff's only claim under the LPLA is for an inadequate warning.

step stool can wear out over time, what to look for to establish the level of wear, and what to do when the step stool appears to be worn out.

La. Rev. Stat. § 9:2800.57 provides that a manufacture must use reasonable care in deciding whether to provide a warning for its product. The statute provides that:

> A. A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.
>
> B. A manufacturer is not required to provide an adequate warning about his product when:
>
>> (1) The product is not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product's characteristics; or
>>
>> (2) The user or handler of the product already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic.

Id.

"To successfully maintain a failure-to-warn claim under the LPLA, a plaintiff must demonstrate that the product in question has a potentially damage-causing characteristic and that the manufacturer failed to use reasonable care to provide an adequate warning about this characteristic." Stahl, 283 F.3d at 264. The manufacturer is liable for an inadequate warning only if the defect proximately caused the plaintiff's injury. See La. Rev. Stat. § 9:2800/54(A); see also Wheat v. Pfizer, 31 F.3d 340, 342 (5th Cir. 1994). The plaintiff bears the burden of proving that "but for" the

5

inadequate warning the accident would not have occurred. See Brown v. Parker-Hannifin Corp., 919 F.2d 308, 311 (5th Cir. 1990).

Failure to warn claims do not necessarily present a jury issue. Id. (citing Anderson v. McNeilab, Inc., 831 F.2d 92, 93 (5th Cir. 1987). "A 'mere allegation of inadequacy' is insufficient for a plaintiff to survive summary judgment on a failure-to-warn claim." Gruvre v. Kroger Co., - - - S.3d - - - , 2011 WL 309311 (La. Ct. App. 2011) (quoting Stahl, 283 F.3d at 264-65). The plaintiff must point to specific facts in the record that demonstrate that there is a genuine issue of material fact to defeat summary judgment. Id.

At her deposition, plaintiff testified that she did not read the label on the step stool that provided instructions about keeping the body centered, not over-reaching, setting all four feet on a firm level surface, wearing slip-resistant shoes, and the weight restriction. Also, plaintiff testified that, when she was given the step stool, the bottom step was attached, she did not notice anything bent, she tested it to ensure that it was sturdy, noticed it did not shake, and proceeded to use it. Further, when asked if there was any information about the step stool that she would have liked to have had, plaintiff responded: "I wouldn't have questioned it. A step stool to me is a step stool." Plaintiff has not established that a warning regarding the useful life of the step stool would have caused her to not use it. Also, plaintiff admitted at oral argument that it is obvious that the step stool has a useable life, and that it should be inspected periodically to determine the end of its useable life. Further, the step stool was not intended for commercial use. Therefore, plaintiff has not shown that there is a genuine issue of material fact regarding whether an inadequate warning was the proximate cause of her injury, and Durel is entitled to summary judgment.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Dorel Juvenile Group, Inc.'s Motion for Summary Judgment (Doc. #32) is **GRANTED**, and plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  7th   day of April, 2011.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**