UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

YOLANDA PEART                                    CIVIL ACTION

VERSUS                                           NO: 09-7463

DOREL JUVENILE GROUP, INC.                       SECTION: "S" (3)

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion for New Trial or Alternatively for
Reconsideration and/or for Relief from Judgment (Doc. #48) is **DENIED**.

BACKGROUND

On October 17, 2008, plaintiff, Yolanda Peart, a Stein Mart employee, was injured when she
fell from a step stool while shelving purses at a Stein Mart department store in Metairie, Louisiana.[1]
Plaintiff filed this suit against Durel Juvenile Group, Inc., the manufacturer of the step stool, alleging
that the it is liable under the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statutes
§ 9:2800.51, et seq..

The step stool was a two step, Cosco Model #11-302 folding step stool, manufactured by
defendant Dorel.  It had a label on the front right leg stating: "CAUTION KEEP BODY
CENTERED BETWEEN THE SIDE RAILS. DO NOT OVER-REACH. SET ALL FOUR FEET
ON FIRM LEVEL SURFACE. WEAR SLIP-RESISTANT SHOES."  The label also stated "Light

---

[1] Plaintiff settled her worker's compensation claim against Stein Mart.  Stein Mart and its insurer,
Travelers Property Casualty Company of America are intervenors in this suit.

Household Duty Rating Working Load: 200 lbs." Plaintiff testified at her deposition that she did not read the labels on the stool before using it. At the time of the accident, plaintiff weighed more than 250 pounds, and the step stool had been used in a commercial setting for five to ten years. Plaintiff claims that the bottom step broke under her foot and she fell to the ground, injuring her left arm and shoulder.

On April 7, 2011, the court granted Durel's motion for summary judgment, finding that plaintiff could not prevail on her LPLA failure to warn claim because the evidence demonstrated she cannot prove that an inadequate warning caused her injury. On April 14, 2011, plaintiff filed a motion to reconsider that ruling. Plaintiff argues that Durel's motion for summary judgment should have been denied because it was untimely, and that there are issues of material fact regarding the size of the warning label; whether plaintiff would have read a different warning label, whether the stool was subjected to use in excess of what would have been light household use in the commercial setting; and whether the manufacturer had an obligation to provide warnings regarding the useful life of the stool.

## ANALYSIS

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit has held nonetheless that if such a motion is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion will be treated as motion to alter or amend under Rule 59(e). Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n. 10 (5th Cir. 1998); see also Rule 59(e).

2

Because plaintiffs filed the instant motion on April 14, 2011, the motion will be subject to the standards for Rule 59(e).

A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002).  The court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under Rule 59(e). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990).  "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." In re Transtexas Gas Corp., 303 F.3d at 581.   "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

In her motion for reconsideration, plaintiff reasserts arguments that she made in opposition to Durel's motion for summary judgment.  Plaintiff has not shown an manifest errors of law or new evidence.  Therefore, her motion for reconsideration is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for New Trial or Alternatively for Reconsideration and/or for Relief from Judgment (Doc. #48) is **DENIED**.

New Orleans, Louisiana, this __1st__ day of June, 2011.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

3